FILED
JAN 1 2 2012
Clerk, U.S. District & Bankruptcy Courts for the District of Columbia

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JUDICIAL WATCH, INC.,
425 Third Street, S.W., Suite 800
Washington, DC 20024,

Plaintiff,

v.

U.S. DEPARTMENT OF DEFENSE,
1600 Defense Pentagon
Washington, DC 20301-1600,

and

CENTRAL INTELLIGENCE AGENCY
Office of General Counsel
Washington, DC 20505,

Defendants.

Civil Action No. _________

Case: 1:12-cv-00049
Assigned To : Walton, Reggie B.
Assign. Date : 1/12/2012
Description: FOIA/Privacy Act

**COMPLAINT**

Plaintiff Judicial Watch, Inc. brings this action against Defendants U.S. Department of Defense and the Central Intelligence Agency to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

**PARTIES**

3. Plaintiff is a non-profit, educational foundation organized under the laws of the District of Columbia and having its principal place of business at 425 Third Street, S.W., Suite

800, Washington, DC 20024. Plaintiff seeks to promote integrity, transparency, and accountability in government and fidelity to the rule of law. In furtherance of its public interest mission, Plaintiff regularly requests access to the public records of federal, state, and local government agencies, entities, and offices, and disseminates its findings to the public.

4. The U.S. Department of Defense ("the DoD") is an agency of the United States Government and is headquartered at 1600 Defense Pentagon, Washington, DC 20301-1600. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

5. The Central Intelligence Agency ("the CIA") is an agency of the United States Government and is headquartered in Langley, Virginia. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

**STATEMENT OF FACTS**

6. On August 9, 2011, Plaintiff sent a FOIA request to the DoD seeking access to information concerning meetings and communications between the DoD and filmmaker Kathryn Bigelow, the Academy Award-winning director of *The Hurt Locker* (2008) and *Point Break* (1991). Specifically, Plaintiff sought records of communication between any officer, official, or employee of the DoD and Ms. Bigelow, as well as with Mr. Mark Boal, Ms. Megan Ellison, or employees of Annapurna Pictures, concerning a planned film regarding the killing of Osama (Usama) Bin Laden. Ms. Bigelow, Mr. Boal, Ms. Ellison, and Annapurna Pictures are involved in the film project, which is tentatively titled "Killing bin Laden." Plaintiff's FOIA request also sought access to all records of communication between DoD officers, officials, or employees and any other individuals, entities, or government agencies concerning the same planned film, and all other DoD records concerning it.

7. By letter dated August 22, 2011, the DoD acknowledged receipt of Plaintiff's FOIA request and designated the request as case number 11-F-1374. In addition, the DoD advised Plaintiff:

> At this time, we are unable to make a release determination on your request within the 20-day statutory time period as there are unusual circumstances which impact our ability to quickly process your request.

8. Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), the DoD would have been required to respond to Plaintiff's FOIA request within twenty (20) working days of August 9, 2011, or September 6, 2011. In light of the "unusual circumstances" cited by DoD, pursuant to 5 U.S.C. § 552(a)(6)(B)(i) the DoD was entitled to an additional (10) working days to respond, by September 20, 2011.

9. Also on August 9, 2011, Plaintiff sent a FOIA request to the CIA seeking access to all records of communication between any officer, official, or employee of the CIA and Ms. Bigelow, Mr. Boal, Ms. Ellison, or employees of Annapurna Pictures concerning a planned film regarding the killing of Osama (Usama) Bin Laden, tentatively titled "Killing bin Laden." Plaintiff's FOIA request also sought access to all records of communication between CIA officers, officials, or employees and any other individuals, entities, or government agencies concerning the same planned film, and all other CIA records concerning it.

10. By letter dated August 16, 2011, the CIA acknowledged receipt on August 9, 2011 of Plaintiff's FOIA request and designated the request as case number F-2011-02001. In addition, the CIA advised Plaintiff:

> The large number of FOIA requests CIA received has created unavoidable delays making it unlikely that we can respond within the 20 working days the FOIA requires.

11. Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), the CIA was required to respond to Plaintiff's FOIA request within twenty (20) working days of August 16, 2011 or by September 6, 2011.

12. As of the date of this Complaint, Defendants have failed to produce any records responsive to Plaintiff's requests or demonstrate that responsive records are exempt from production. Nor have they indicated whether or when they will produce any responsive records.

13. Because Defendants have failed to comply with the time limit set forth in 5 U.S.C. §§ 552(a)(6)(A)(i) or 552(a)(6)(B)(i), Plaintiff is deemed to have exhausted any and all administrative remedies with respect to its FOIA requests. 5 U.S.C. § 552(a)(6)(C).

**COUNT 1**
**(Violation of FOIA, 5 U.S.C. § 552)**

14. Plaintiff realleges paragraphs 1 through 13 as if fully stated herein.

15. Defendants are unlawfully withholding records requested by Plaintiff pursuant to 5 U.S.C. § 552.

16. Plaintiff is being irreparably harmed by Defendants' unlawful withholdings of requested records, and Plaintiff will continue to be irreparably harmed unless Defendants are compelled to conform their conduct to the requirements of the law.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendants to conduct searches for any and all records responsive to Plaintiff's FOIA requests and demonstrate that they have employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA requests; (2) order Defendants to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA requests and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendants from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA requests; (4) grant

Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated: January 12, 2012

Respectfully submitted,

JUDICIAL WATCH, INC.

Paul J. Orfanedes
D.C. Bar No. 429716

Chris Fedeli
D.C. Bar No. 472919
JUDICIAL WATCH, INC.
425 Third Street, SW, Ste. 800
Washington, DC 20024
(202) 646-5172
*Attorneys for Plaintiff*