**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JUDICIAL WATCH, INC., ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | Case No. 1:12-cv-00049-RC |
| v. ) | |
| ) | |
| U.S. DEPARTMENT OF DEFENSE, and ) | |
| CENTRAL INTELLIGENCE AGENCY, ) | |
| ) | |
| *Defendants*. ) | |
| _____) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION FOR EXTENSION OF TIME**

Plaintiff Judicial Watch, Inc., by counsel, respectfully submits this opposition to the motion for extension of time, styled as "Defendants' Second Motion to Extend the Briefing Schedule," (ECF No. 13) filed in the above-captioned case.

**MEMORANDUM OF LAW AND FACTS**

1.  On March 1, 2012, the parties to this case filed a Joint Status Report with this Court.  ECF No. 10.  In that Report, Defendants agreed to "produce any responsive, non-exempt documents to plaintiff by May 18, 2012."  By Minute Order dated March 2, 2012 ("March 2 Order"), the Court ordered Defendants to produce the responsive documents by this May 18, 2012 deadline.  In the March 2 Order, the Court also established a briefing schedule for the parties to submit cross-motions and responses to this Court for adjudication (if necessary), following production.  That briefing schedule was later modified by the Court's July 12, 2012 Order on the Consent Motion of the parties filed on July 11, 2012.  ECF No. 12.

2.  Plaintiff's counsel learned of Defendant Central Intelligence Agency's ("CIA")

failure to produce all responsive documents by the Court's May 18, 2012 deadline on July 19, 2012. Defendant's counsel also informed Plaintiff's counsel that the CIA would not be able to complete its review and production of the documents until August 24, 2012, and requested an extension of the briefing schedule.

3. On the morning of July 20, 2012, Plaintiff's counsel informed Defendants' counsel that a motion for extension of time based on failure to comply with deadlines was improper, and suggested instead that Defendants promptly produce the newly discovered documents on an expedited basis so that Plaintiff could review them and respond prior to the Defendants' July 27, 2012 deadline to file their Motion for Summary Judgment in this case.

4. Given the fact that Defendants' Motion for Summary Judgment was not due to be filed with the Court for seven (7) days, Plaintiff believes this was the appropriate course – especially since the cause for delay was one of Defendant's own making. Defendants' counsel responded on July 20, 2012 to say that Plaintiff's proposal was "impossible," but otherwise failed to explain why the document review and production could not be sufficiently expedited, particularly in light of Defendant CIA's failure to properly produce. In their Motion, Defendants still have not explained why a full month is required to review the recently discovered documents which this Court ordered be turned over to Plaintiff over two months ago.

5. The basis for Defendants' motion for an extension of time is that Defendant CIA failed to conduct an adequate search within the Court's imposed deadline for the production of all responsive documents. Defendant CIA's failure to comply with this Court's deadline requiring a sufficient search and production does not in itself constitute proper grounds for an extension of time. *See In re Guantanamo Bay Detainee Litig.*, 577 F. Supp. 2d 309, 312 (D.D.C. 2008) ("[T]he government cannot claim as a basis for failing to meet deadlines imposed by this Court

that it "simply did not appreciate the full extent of the challenges posed," Gov't Mot. 3.   Except for good cause shown, therefore, the Court will not tolerate any further delay.").   Accordingly, Plaintiff finds Defendants' grounds for this request unpersuasive.

6. For the foregoing reasons, no extension of time is justified and Plaintiff respectfully requests that the Motion be denied.   However, Plaintiff recognizes that, as a practical matter, Defendants' delaying conduct in the five days between July 20, 2012 and today has now made it extremely difficult for this Court to properly and efficiently hear dispositive motions pursuant to the current schedule.   Accordingly, for the convenience of the Court – but without allowing Defendants' failure to comply with deadlines to result in an extended delay – Plaintiff proposes the following modified briefing schedule as an alternative to either denial of the Motion or adoption of the schedule proposed by Defendants at paragraph 8 of their Motion:

> Defendants to produce any additional responsive, non-exempt documents to Plaintiff on or before August 10, 2012; Plaintiff to notify defendants of any challenges to any withholdings from the newly-produced records on or before August 17, 2012; Defendants' motion for summary judgment to be filed on or before August 24, 2012; Plaintiff's combined opposition and cross-motion for summary judgment to be filed on or before September 21, 2012; Defendants' combined opposition/reply to be filed on or before October 12, 2012; and Plaintiff's reply to be filed on or before October 26, 2012.

Dated:   July 25, 2012                                        Respectfully submitted,

                                                   */s/ Chris Fedeli*

                                                  Chris Fedeli
                                                  **JUDICIAL WATCH, INC.**
                                                  425 Third St. SW, Ste. 800
                                                  Washington, DC 20024
                                                  Tel: (202) 646-5185
                                                  Fax: (202) 646-5199
                                                  cfedeli@judicialwatch.org

                                                  *Attorney for Plaintiff*